[Civ. No. 4789. Third Appellate District.—July 5, 1933.]

J. I. CASE COMPANY (a Corporation), Appellant, v. F. E. REDFERN, Respondent.

Dunn, White & Aiken and Hamilton Wright for Appellant.

L. M. Linneman, F. W. Docker and Claude Minard for Respondent.

PULLEN, P. J.—This action was commenced against I. R. Stevens and A. R. Van Antwerp, as the makers of seven promissory notes given in part payment of certain farm machinery purchased from appellant, respondent being made a party in the action as guarantor of each of the notes. The makers defaulting, judgment was entered against them and the trial proceeded against Redfern as guarantor. At the conclusion of the trial judgment was entered in favor of defendant Redfern, and this is an appeal therefrom.

Appellant was engaged in the business of selling farm machinery through local dealers, of whom respondent was one, and also by salesmen employed directly by the company operating out of its various branch offices.

Here, a salesman, James K. Hopkins, acting through a dealer, sold certain farm machinery to defendants Van Antwerp and Stevens. These buyers lived in Dos Palos, within the territory of Redfern, and in accordance with his agreement, he demanded that he be given credit for the sale.

At that time the machinery had all been delivered to the purchasers and all the papers evidencing the deal had been executed, but through an error the proper forms had not been used and it was necessary to re-execute them, which was done at the time appellant recognized the right of respondent to a commission in the deal.

The question here involved is whether or not Redfern guaranteed the second set of notes which were executed. The corrected forms were sent by the company to its agent Hopkins, who, in company with Stevens, one of the purchasers, went to Dos Palos, where Hopkins informed Stevens

and Redfern that new forms had been sent by the company and had to be re-executed. It is admitted by the pleadings that respondent actually signed his name to a guaranty clause on each note in question. The entire disagreement is as to whether his signature was so placed as the result of fraudulent representations on the part of Hopkins, and if he was entitled to rely upon these representations, and finally, whether or not Hopkins was at the time of making the representations an agent of the appellant company.

The trial court found that respondent subscribed his signature to each of the agreements of guaranty upon the notes, but signed the same without the knowledge he was thereby agreeing to become guarantor, and that his signature was obtained under the direction of James K. Hopkins, and that Hopkins did then and there fraudulently and with intent to deceive defendant, represent that said signatures of defendant were subscribed solely for the purpose of witnessing the signatures of the makers thereof, and would impose no obligation upon him.

· The appeal is based upon the insufficiency of the evidence to support the findings. Appellant recognizes the rule that when there is a substantial conflict in the evidence as to a material fact, the findings of the trial court cannot be disturbed and that it is also the duty of the trial court to decide which witness has told the truth when there is a conflict in the testimony, but appellant contends that after all of the conflicts are resolved in favor of respondent, nevertheless the facts here in evidence are wholly insufficient to support the judgment.

The first question to determine is the status of Hopkins to the parties involved. In the agreement entered into between appellant company and respondent wherein respondent was appointed a dealer appears the provision that the company's branch managers or other employees who assist the dealer in soliciting sales, etc., do so as his employees for the time they are so working. It is the contention of appellant that under the foregoing provision Hopkins was the employee of respondent and not of the Case Company at the time of the execution of the notes and therefore any representation by Hopkins to respondent as to the nature of the document for the purpose of obtaining his signature thereto was not binding upon appellant.

At the time of the transaction in question Hopkins was a regular salesman for the company, devoting all of his time exclusively to their interest, paid a flat salary therefor rather than commissions. The contract forms for this deal were made out by the company and sent to him. He was authorized to collect payments on behalf of the company and did so collect payments made on account of these transactions in question, and after the notes were signed, accepted them and forwarded the same to the branch office of the appellant. At all times Hopkins acted as the representative of the company, and the court so found, and it is clear that he was so acting in obtaining the signature of the parties to the notes. Should Hopkins have failed to account to the company for the money paid in closing the transaction, under no theory could the dealer have been responsible, or should the salesman have been injured in the course of closing the deal, we doubt if the company would have escaped an employer's liability by virtue of the terms of the agreement referred to.

Therefore, accepting the findings of the court that Hopkins was the agent of the company, let us examine the evidence to ascertain what representations were made to respondent and whether they were true or false.

Respondent testified that upon the day the notes were signed by him he was met by Hopkins, who told him the original papers were not upon the forms prescribed by the company, and said: "You will have to sign this . . . you are supposed to sign as a witness." Thereupon, as respondent testified, believing that he was signing as a witness and not otherwise, and having had dealings with appellant and always having found it reliable, he signed.

One of the witnesses to the transaction testified that after he had signed, "the notes were shoved over to Mr. Redfern to sign it and it was all done in a hurry—it was all done quick, you know".

Respondent was a rancher in the Dos Palos section and not engaged in the sale of farming equipment except as local agent for appellant, and had acted for appellant in that capacity only about a year and a half, during which time three sales were involved, all of which sales were closed by a salaried employee of appellant. His relations with the

company had been cordial and he knew Hopkins as a representative of the company and relied upon him as such.

The following from *Thomas* v. *Whitney,* 186 Ill. 225 [57 N. E. 808], is quoted with approval in *Hemenway* v. *Abbott,* 8 Cal. App. 450 [97 Pac. 190, 195]:

"The relation exists and relief is granted in all cases in which influence has been acquired and abused, in which confidence has been reposed and betrayed. The origin of the confidence and the source of the influence are immaterial. The rule embraces both technical fiduciary relations, and those informal relations which exist whenever one man trusts in and relies on another."

It is argued by appellant that the facts proved were not sufficient to constitute fraud but after a conflict of testimony the trial court found that fraudulent representations were made and were relied upon by respondent. They were made knowingly by appellant and we have found nothing that will justify disturbing the finding in this respect.

It is apparent that the facts material to the validity of the judgment were fully found and established by the evidence, and judgment should be affirmed. It is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1933.